In the Matter of JAMES O. TRYON, an Attorney, Respondent.

First Department, July 2, 1924.

Attorney and client — disciplinary proceedings — attorney suspended for one year for misrepresenting to his client amount of collections, loaning money belonging to client without authority, and converting moneys to his own use.

An attorney suspended for one year, who, while acting as an attorney for a client in the collection of money, misrepresented the amount of collections he had made for his client's account, loaned money belonging to his client to a third person without authority and charged the same to his client, and converted to his own use certain moneys belonging to his client.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

*James O. Tryon,* respondent in person.

DOWLING, J.:

The respondent was admitted to the bar at the July term, 1903, of the Appellate Division, Second Department. The petition alleges:

" IV. That James O. Tryon, the respondent, has been guilty of misconduct as an attorney at law as follows:

" Between November, 1917, and August, 1921, the respondent acted as attorney for Colonel Grayson V. Heidt in the matter of the collection of certain moneys due to Colonel Heidt from one Stackpole. During this period the moneys due to Colonel Heidt were mingled with his own personal funds. From time to time during the period mentioned the respondent paid over to his client a part

First Department, July, 1924.    [Vol. 209

of the moneys collected but he concealed from his client the aggregate which he had collected on account of the claim and rendered untruthful and inaccurate accounts thereof to his client. He loaned a part of the moneys collected to his partner without obtaining any security or evidence of the indebtedness. He also converted the moneys collected in behalf of his client to his own use to the extent of $290, no part of which had been paid at the time the matter was brought to the attention of the petitioner. The respondent had no claim or lien for services on any part of the moneys so converted."

Respondent, in his answer, states:

" II. Respondent's defense to paragraph ' IV ' of the petition is briefly summarized as follows:

"(a) Concealment of the aggregate collected and rendition of inaccurate accounts:

" Respondent at no time intentionally concealed any facts from his client, but made an honest mistake in his account, which was admitted as soon as discovered. The discovery of the actual facts was hampered and delayed by the action of respondent's client in making unfounded claims upon respondent for amounts never collected by respondent, and in demanding a reduction of respondent's fee, resulting in a controversy pending which respondent could not safely make any further payments.

"(b) Loaning a part of the moneys collected to respondent's partner:

" Respondent's partner was such in a technical sense only, having long since ceased to practice law and having no interest in respondent's business. The amount was paid to him in good faith as an intimate personal friend of respondent's client and without any thought that its receipt would be concealed or that it would be withheld from the client. It is conceded that such payment may have been injudicious, but it was made honestly and without wrongful intent.

"(c) Conversion of moneys:

" The amount turned over to respondent's partner, as specified in the preceding paragraph, is the only amount which had not been paid to the client at the time these charges were brought to respondent's attention, and is the only amount to which the charge of conversion can be intended to apply. Respondent has no knowledge as to how the amount could have been computed at $290, as alleged in the petition, as the record of payments is contained in the papers delivered to the Committee, and this is evidently an error in computation; that it was respondent's intention to withhold only the said sum of $200, for the payment of which respondent concedes a legal, but not a moral liability, and that

such amount was withheld solely by reason of respondent's unwilling-ness to be coerced by threats of unjustified charges; that said sum, be it more or less than an exact $200, respondent is now, and has at all times been ready, able and willing to pay upon the withdrawal of these unfounded charges or upon the advice or direction of this Court."

The learned official referee has reported the evidence at length and has found that the evidence supports the following findings:

"(1) That the respondent misrepresented to his client the amount of collections he had made for his client's account.

"(2) That the respondent loaned moneys belonging to his client to a third person, without authority, and charged the same to his client.

"(3) That the respondent converted to his own use moneys belonging to his client to the extent of (as conceded) $214.77."

A careful examination of the record herein satisfies us that the conclusions reached by the referee were fully justified by the evidence, and that the respondent has been guilty of unprofessional conduct to the extent indicated. The misrepresentation by an attorney to his client of the amount of collections he has made for his client's account and the loan of his client's money without authority to a third person, and the conceded conversion of a portion of the client's money, are offenses which cannot be over-looked, and which call for discipline.

The respondent, therefore, will be suspended from the practice of his profession for the period of one year with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions to be incorporated in the order to be entered hereon.

SMITH, FINCH, MCAVOY and MARTIN, JJ., concur.

Respondent suspended for one year. Settle order on notice.